## JOSEPH SIMEK v. MATHIAS KORBEL.[1]

June 9, 1911.

Nos. 17,164—(113).

**Negligence — evidence.**

In an action for injury to a carriage caused by a collision, alleged to be due to the negligence of defendant in holding a ribbon across the street to stop a wedding procession, in accordance with Bohemian custom, the evidence warranted the jury in finding that the act of defendant was not the

[1] Reported in 131 N. W. 1134.

proximate cause of the collision and defendant was not guilty of negligence. [Reporter]

Action in the district court for Le Sueur county to recover $175 for damages to a carriage. The answer was a general denial. The case was tried before Morrison, J., and a jury which returned a verdict in favor of defendant. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Charles C. Kolars,* for appellant.

*Francis J. Hanzel* and *A. J. Edgerton,* for respondent.

PER CURIAM.

The complaint charged that defendant negligently stopped the first team and carriage in a wedding procession in a public street of the city of New Prague, by reason of which the team next behind the carriage in which plaintiff was riding ran into and injured plaintiff's carriage. A verdict was returned for defendant. Plaintiff moved for a new trial, which was denied, and he appealed from the judgment. Defendant was cross-examined under the statute, and explained in answer to plaintiff's questions that he and another had held a ribbon across the street ahead of the procession in order to stop the wedding party and congratulate them, and that it was a Bohemian custom. Defendant's counsel then asked the witness the significance of the performance. Since the matter had been gone into by plaintiff, there was no error in overruling plaintiff's objection to the question. The driver of the team which collided with plaintiff's carriage was called as a witness by plaintiff, and stated that the collision was unavoidable. It was proper on cross-examination, as bearing on the degree of care exercised by him as a driver, to question him as to his knowledge of the custom to stop the procession in the street. For the same reason defendant was entitled to inquire of the witness Uhliers, who drove the first team, as to his knowledge that the custom would be observed. The evidence was sufficient to warrant the jury in finding that the act of defendant in holding the ribbon was not the proximate cause of the collision, and that defendant was not guilty of negligence.

Affirmed.